PER CURIAM.
This disciplinary proceeding is before us on complaint of The Florida Bar, the par *1338 ties tendered stipulation for unconditional guilty plea for consent judgment of public reprimand, and the uncontested report of the referee. We have jurisdiction. Art. V, § 15. Fla. Const. We approve the referee’s report.
The Florida Bar filed a seven count complaint against respondent. The gravamen of the complaint was that respondent, in six instances, violated the Florida Bar Code of Professional Responsibility, Disciplinary Rules 1-102(A)(4), 1-102(A)(5), and 1-102(A)(6) by engaging in conduct involving dishonesty and/or fraud and/or deceit and/or misrepresentation, by not being zealous in avoiding fee controversies with clients, and by suing clients where there had been no fraud or gross imposition by the client. Following assignment of a referee, the parties entered into a stipulation, the operative portions of which read as follows:
9. That both parties are aware of the Supreme Court of Florida’s opinion in The Florida Bar v. Fields, 482 So.2d 1354 (Fla.1986) (The Supreme Court held that dereliction in failing to reach fee agreements with clients before representing them, in failing to communicate with clients concerning their legitimate concerns and questions on fees, and in failing to properly supervise non-lawyer employees warrants public reprimand).
10. That Respondent’s [sic] unconditionally pleads guilty to violating Disciplinary Rules 1-102(A)(5) (A lawyer shall not engage in conduct that is prejudicial to the administration of justice) and 1-102(A)(6) (A lawyer shall not engage in any other conduct that adversely reflects on his fitness to practice law) of the Code of Professional Responsibility as alleged in all counts of The Florida Bar’s Complaint.
11. That Respondent admits that, in all instances alleged in The Florida Bar’s Complaint, Respondent should have been more zealous in avoiding controversies as to the amounts of fees with his clients.
12. That, consistent with the Fields case, Respondent is willing to accept a Public Reprimand to be published in the Southern Reporter and pay the costs of these proceedings.
13. That the Public Reprimand is consistent with the recommendation of The Florida Bar.
14. That both parties understand that this Stipulation must be approved by the Referee and then the Supreme Court of Florida.
15. That both parties believe that the disposition of this case is in accord with the Fields case.
Based on the stipulation and Fields, the referee found respondent guilty of violating Disciplinary Rules 1-102(A)(5) and 1-102(A)(6), and recommended that respondent be given a public reprimand.
We approve the referee’s report. Publication of this opinion in the Southern Reporter will serve as a public reprimand. Judgment for costs in the amount of $713.95 is hereby entered against respondent, for which sum let execution issue.
It is so ordered.
McDonald, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.